Timothy **KEENAN**, Plaintiff–Appellant,

v.

Ken **MARKER**; Linda Nelson, Defendants–Appellees.

No. 01–1113.

United States Court of Appeals, Sixth Circuit.

Nov. 1, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

### ORDER

Timothy Keenan, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and monetary relief, Keenan alleges in his complaint that he was deprived of personal property by the Michigan Department of Corrections ("MDOC") personnel after the property was placed in storage pending his transfer to another facility. Keenan further alleges that defendant Ken Marker wrongfully denied Keenan's grievances concerning the property as untimely and duplicative, and that defendant Linda Nelson acquiesced in Marker's wrongdoing. The district court dismissed the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, after concluding that Keenan failed to allege the inadequacy of remedies in Michigan for him to obtain compensation for his loss.

Thereafter, Keenan filed a motion for reconsideration wherein he asserted that he did not initiate this lawsuit for the loss of his property. Rather, he asserted that he sued on the basis of MDOC's allegedly having obstructed his access to the prison grievance procedure and the courts. The district court denied the motion for reconsideration. This timely appeal followed. In his brief on appeal, Keenan requests the appointment of counsel.

This court reviews de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) or 1915A. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. See Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir. 1998).

Upon review, we conclude that the district court properly dismissed Keenan's complaint for failure to state a claim upon which relief may be granted. Contrary to Keenan's claim on appeal, his complaint did seek redress for the deprivation of property because, in the complaint, Keenan requested compensatory damages for his lost items. In any event, the district court correctly dismissed Keenan's due process claim based upon the alleged loss of his personal property. Keenan alleged a random and unauthorized deprivation of his property. Thus, it would have been impracticable or impossible for the defendants to provide pre-deprivation process. See Zinermon v. Burch, 494 U.S. 113, 136–39, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); Parratt v. Taylor, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir.1995). Moreover, Keenan has not alleged that state post-deprivation remedies are inadequate. See Hudson v. Palmer, 468 U.S.

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland,* 57 F.3d at 479. Because Michigan provides Keenan with adequate postdeprivation remedies for the loss of his property, the unauthorized negligent or intentional deprivation of Keenan's property does not rise to the level of a violation of due process. *See Zinermon,* 494 U.S. at 136–39; *Parratt,* 451 U.S. at 543–44; *Copeland,* 57 F.3d at 479.

▮ Upon further review, we conclude that Keenan's allegation that the defendants wrongfully denied his grievances concerning the lost personal property as untimely and duplicative does not present a deprivation of any federal right, as there is no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994). Furthermore, state law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

Finally, Keenan's claim that the district court judge demonstrated bias towards him is without merit. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *Wheeler v. Southland Corp.,* 875 F.2d 1246, 1251–52 (6th Cir.1989).

Accordingly, the request for counsel is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.